# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2007

Charles R. Fulbruge III
Clerk

No. 06-70020
USDC No. 3:03-CV-00026

RICARDO ORTIZ

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas

ON PETITION FOR REHEARING

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:

Texas death row inmate Ricardo Ortiz petitions for rehearing of his application for a certificate of appealability (COA) on the issue of whether his counsel rendered unconstitutionally ineffective assistance by failing to object to the exclusion of eighteen prospective jurors. The petition is DENIED.

The brief that Ortiz filed in support of his motion for a COA raised two issues: (1) whether the State court unconstitutionally excluded nineteen[1]

---

[1]Ortiz's trial counsel objected to the exclusion of one prospective juror, Anna Doporto, but not to the other eighteen prospective jurors who similarly were excluded.

prospective jurors who were unalterably opposed to the death penalty and therefore unable to vote to impose the death penalty under any circumstances; and (2) whether the Texas death penalty scheme is unconstitutional because it does not require the State to prove beyond a reasonable doubt the absence of mitigating factors that would warrant a sentence of life imprisonment rather than a sentence of death. Although, in the proceedings below, Ortiz did raise a claim that his trial counsel rendered ineffective assistance by failing to object to the exclusion of these eighteen prospective jurors, he did not raise this ineffective assistance claim in the brief in support of his application for a COA in this Court. Accordingly, Ortiz has waived this ineffective assistance claim. See Hughes v. Johnson, 191 F.3d 607, 612-13 (5th Cir. 1999).

Even if Ortiz had not waived this ineffective assistance claim, we would not have granted his application for a COA. To obtain a COA, a petitioner must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When the constitutional claims have been rejected on the merits, the COA applicant must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The District Court rejected Ortiz's ineffective assistance claim, finding that the State court properly excluded the eighteen prospective jurors; thus, they would have been excluded whether or not Ortiz's counsel had interposed an objection. We agree and hold that reasonable jurists would not debate this determination. Accordingly, Ortiz has not made the requisite showing to obtain a COA for this ineffective assistance of counsel claim. See id.

For the foregoing reasons, the Petition for Rehearing is DENIED.